IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02339-MSK-MEH

MICHELLE GARCIA,

    Plaintiff,
v.

DILLON COMPANIES, INC., a Kansas corporation,
d/b/a CITY MARKET,

    Defendant.

---

## ORDER ON PLAINTIFF'S MOTION TO COMPEL

---

Before the Court is Plaintiff's Motion to Compel [Docket #34]. The matter is briefed and has been referred to this Court [Docket #37]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **grants** the Motion as specified herein.

**I.  Facts**

Plaintiff filed this lawsuit against Defendant, her current employer, alleging gender discrimination for failure to promote. Plaintiff became a store manager in 1999, and alleges that she was promised that she would be promoted to store manager of a larger store within a year and a half. Plaintiff has been the store manager of the same store since 1999, and filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 25, 2005. In the instant Plaintiff seeks the salary, benefits, and store information for each person promoted to manager since March 20, 1998. Defendant objects to this relief on two grounds. First, Defendant argues that the relevant time period for discrimination must relate to only the 300 days prior to the date that Plaintiff filed her charge of discrimination, and that damages are limited to two years prior to the date of the

charge. To that end, Defendant is willing to provide the requisite data for the period of April 2003 to present. In response, Plaintiff argues that the longer time period is necessary to potentially reveal an intent to discriminate against Plaintiff. Second, both parties seek a protective order for all confidential information produced in this case but disagree as to the language regarding sanctions for violating the protective order. Without strong language included in the protective order, Defendant seeks to preclude Plaintiff herself from viewing the documentation produced.

## II.   Discussion

### A.   Scope of Relevant Evidence

The scope of evidence that is subject to discovery under the federal rules is broad:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial of the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P 26(b)(1). The party objecting to discovery must establish that the requested discovery does not fall under the scope of relevance as defined in Fed. R. Civ. P 26(b)(1). *Simpson v. University of Colo.*, 220 F.R.D. 354, 359 (D. Colo 2004).

A failure to promote claim involves discrete acts by the employer. *AMTRAK v. Morgan*, 536 U.S. 101, 114 (2002). Before Plaintiff can rely on evidence outside the applicable time period under the statute of limitations, Plaintiff must allege a pattern or practice that extends beyond the applicable time frame. *Id.* at 128. In such a case, Plaintiff may rely on those previous acts, although not directly actionable, as evidence of Defendant's motive. *E.g.*, *Furr v. AT&T Technologies, Inc.*, 824 F.2d 1537, 1543 (10th Cir. 1987) (applying ADEA).

In this case, Plaintiff has not alleged a pattern or practice of discrimination. Even so, the

2

scope of discoverable evidence is sufficiently broader than the scope of admissible evidence to allow Plaintiff some latitude in comparing store managers during discovery. Although Defendant initially objected to the request as overly broad and unduly burdensome, it does not produce any evidence of this burden in its Response to the Motion to Compel. As such, the Court believes a more reasonable time frame for Interrogatories 1 and 2 is three years prior to the first potentially actionable date of discrimination, which leads to a relevant date of June of 2001. To this extent, Plaintiff's Motion to Compel is **granted**.

### B. Violation of a Protective Order

Because Plaintiff is a current employee, Defendant expresses concern with producing sensitive data regarding the compensation of other store managers. In an effort to add more teeth to a stipulated protective order, Defendant proposed the following language, to which Plaintiff strongly objected:

> The parties recognize and mutually agree that the violation of or failure to comply with this Protective Order by any person to which this Protective Order applies will cause the aggrieved party irreparable injury for which there is no adequate remedy at law in addition to compensatory damages depending on the circumstances of the violation of or failure to comply with this Protective Order. The parties therefore acknowledge and agree that any violation of or failure to comply with this Protective Order by any person to which this Protective Order applies should shall be considered a violation of an order of this Court. In the event of such violation of or failure to comply with this Protective Order, then the Court shall have personal jurisdiction on the persons to whom this Protective Order applies to impose such sanctions or fashion such legal or equitable remedies as this Court deems reasonable or necessary to sanction the violation or failure to comply, to deter further violations or failure to comply and to compensate the aggrieved party for damages caused thereby including, but without limitation or any other remedy available to the Court, injunction, specific performance, contempt of court and compensatory and exemplary damages.

Mot. to Compel, Exh. 5, ¶ 9.

A protective order, even if stipulated to by the parties, is entered by the Court pursuant to Fed. R. Civ. P. 26(c). Failure to comply with an order of this Court subjects any party or person to

the sanctions available under Fed. R. Civ. P. 37(b).  *E.g.*, *United States v. National Medical Enterprises, Inc.*, 792 F.2d 906, 911 (9th Cir. 1986).  Such sanctions include a finding of contempt of court, an award of attorney's fees, as well as any other sanction deemed appropriate by the Court under its equitable powers.  *See* Fed. R. Civ. P. 37(b).  And as an Order of this Court, persons subject to the Protective Order remain under the jurisdiction of this Court.

Paragraph Nine, as written by Defendant, exceeds this Court's authority.  Nonetheless, recognizing Defendant's desire to impress upon all the importance of complying with this Court's orders, the Court will change Paragraph Nine to read as follows:

> The parties recognize and agree that the violation of or failure to comply with this Protective Order by any person to which this Protective Order applies is considered a violation of an order of this Court.  Such a violation may result in the imposition of sanctions, including a finding of contempt of court and/or an award of attorney's fees to the aggrieved party, and any such other and further relief as may be deemed appropriate by the Court.

The Court will enter the Stipulated Protective Order submitted by Plaintiff on the record with the preceding paragraph replacing Defendant's suggested Paragraph Nine.

### III.   Conclusion

Accordingly, Plaintiff's Motion to Compel responses to Request Nos. 1 and 2 in Plaintiff's Third Discovery Request to Defendant [Filed October 9, 2006; Docket #34] is **granted** as specified. Defendant shall provide responses to Interrogatories 1 and 2 from June 2001 to present no later than December 20, 2006.  The Court will separately enter a Protective Order on the record to govern all documents designated as confidential in this case.

Dated at Denver, Colorado this 5th day of December, 2006.

                                              BY THE COURT:

                                              s/ Michael E. Hegarty
                                              Michael E. Hegarty
                                              United States Magistrate Judge