IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02339-MSK-MEH

MICHELLE GARCIA,

      Plaintiff,

v.

DILLON COMPANIES, INC.,
a Kansas corporation,
d/b/a CITY MARKET,

      Defendant.

## PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information, the Court hereby orders as follows:

1.    This Protective Order governs the handling of all documents, tangible materials and other information obtained from parties in this civil action.

2.    This Protective Order applies to the parties and their attorneys, employees of the attorneys' firms who assist the attorneys in this action, the Court and court personnel, consultants or experts retained by a party solely for the purpose of this civil action, and any other person who is provided with documents, tangible materials and other information designated as confidential.

3.    Either party, by such party's counsel, may designate ("Designator") any documents, tangible material or other information obtained from the parties in this proceeding as "Confidential" (Confidential Information). Once so designated, the Confidential Information shall become subject to this Protective Order.

4. The Confidential Information shall be used only to prepare for and conduct this action (including any appeals). The Confidential Information may be disclosed only to parties and counsel for the parties and employees of their firms who assist them in this action; the Court and court personnel; consultants or experts retained solely for this civil action; and any person to whom the Designator consents in writing, provided such person executes the Confidentiality Agreement in the form attached hereto as Exhibit A and incorporated herein by this reference.

5. The parties may apply to the Court by motion under the applicable rules of civil procedure for a ruling that any document, tangible material or other information produced pursuant to an assertion of confidentiality and this Protective Order is not entitled to such status and protection.

6. During a deposition conducted in this case, a deponent may be shown and examined about Confidential Information only if the deponent had authorized access to such Confidential Information before the commencement of this action, or meets the criteria in paragraph 4, or if the Designator consents to disclosure of Confidential Information to the deponent and the deponent signs a Confidentiality Agreement in the form attached hereto as Exhibit A.

7. The parties and deponents shall be permitted, within thirty (30) days, or such additional time as agreed to in writing by counsel for the parties, after receiving a deposition, to designate pages of the transcript and exhibits thereto as Confidential. Confidential Information within the deposition transcript may be designated by underlining the portions of the pages that are Confidential and marking such pages with the following legend or a similar legend: "Confidential – Subject to Protection Pursuant to Court Order." Until expiration of the thirty-

day period, the entire deposition will be treated as subject to protection against disclosure under this Protective Order.  If no party or deponent timely designates Confidential Information in a deposition, none of the transcript or its exhibits will be treated as Confidential Information.  If a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

8. Stamped confidential documents shall not be filed with the clerk except when required in connection with motions under Federal Rules of Civil Procedure 12 or 56, motions to determine confidentiality under the terms of this Protective Order, and motions related to discovery disputes if the Confidential Information is relevant to the motion.  Confidential Information shall be filed under seal with notice thereof to the Court and shall be maintained by the Court under seal.

9. The parties recognize and agree that the violation of or failure to comply with this Protective Order by any person to which this Protective Order applies is considered a violation of an order of this Court.  Such a violation may result in the imposition of sanctions, including a finding of contempt of court and/or an award of attorney's fees to the aggrieved party, and any such other and further relief as may be deemed appropriate by the Court.

10. This Protective Order shall remain in effect until final termination of this action, whether by settlement, final judgment, voluntary dismissal or otherwise.  Upon termination of this action, all originals and copies of Confidential Information shall be returned to the party's attorney who produced the same, together with a letter certifying compliance with this Protective Order.

11.     This Protective Order may be modified by the Court upon a showing of good cause and an opportunity for both parties to be heard regarding the same.

Dated at Denver, Colorado this 5th day of December, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge