IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-02339-MSK-MEH

MICHELLE GARCIA,

        Plaintiff,

v.

DILLON COMPANIES, INC., a Kansas corporation,
d/b/a CITY MARKET,

        Defendant.

---

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

---

THIS MATTER comes before the Court on the Defendant's Motion for Extension of Time to File Reply in Support of Motion for Summary Judgment (**#51**), to which the Plaintiff responded (**#56**) and the Defendant replied (**#57**). The Court grants the motion for extension of time, not because good cause for an extension was stated in the motion, but because the briefing schedule was altered by a two-week period due to an unopposed extension of time which the Court gave to the Plaintiff to file its response.

Also before the Court is the Defendant's Motion for Summary Judgment (**#39**), to which the Plaintiff responded (**#48**) and the Defendant replied (**#58**). Having considered the same, the Court finds and concludes as follows.

### I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## II. Issue Presented

The Plaintiff, Michelle Garcia, asserts a single claim against the Defendant, Dillon Companies, Inc., for sex discrimination based upon incidents which occurred while she was the store manager of a store located in Pagosa Springs, Colorado.  The alleged discrimination included: (1) failing to promote the Plaintiff to be the manager of a larger store; (2) telling the Plaintiff that she deserved to be harassed because of the clothes she wore; (3) failing to respond to her concerns relating to abusive subordinate employees; (4) failing to give the Plaintiff recognition for her accomplishments, when such recognition was given to the accomplishments of male managers; (5) charging her with sick leave while on medical leave, when male managers were not; and (6) granting leave with pay to relocating male employees, but denying it to her under similar circumstances.  The issue presented is whether a trial is required on this claim.

## III.  Standard of Review

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary.  *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Substantive law governs what facts are material and what issues must be determined.  It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof and identifies the party with the burden of proof.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989).  A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter

2

for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P. 56(e). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is required. The court then applies the law to the undisputed facts and enters judgment.

If the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove. If the respondent comes forward with sufficient competent evidence to establish a *prima facie* claim or defense, a trial is required. If the respondent fails to produce sufficient competent evidence to establish its claim or defense, the claim or defense must be dismissed as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

## IV. Analysis

The Plaintiff claims sex discrimination in violation of Title VII of the Civil Rights Act of 1964. The Defendant moves for summary judgment on this claim, conceding that the Plaintiff can establish a *prima facie* claim of discrimination based upon a failure to promote, but arguing that she cannot establish pretext to rebut one of several nondiscriminatory reasons the Defendant

had for not promoting her.  The Plaintiff responds that the Defendant has not offered a legitimate, nondiscriminatory reason for failing to promote her to a larger store, and that the reasons it has offered are pretextual.

Both the Defendant's motion, and the Plaintiff's response, miss the mark.  As pled, the Plaintiff's claim of discrimination is broader than a failure to promote claim.  Thus, even if the Court were to grant the Defendant's motion, a trial would be required because such order would not dispose of the Plaintiff's claim.  There is no indication in the Court's file that the Plaintiff is abandoning all other claims of discrimination, which are included in the Scheduling Order.  The Defendant has not requested partial summary judgment, nor has it stated whether a judgment could be certified under Fed. R. Civ. P. 54(b), or whether the scope of evidence to be presented at trial would be significantly reduced.  *See* MSK Civ. Practice Standard V.H.3.b.3.  Under these circumstances, the Court is compelled to deny the Defendant's motion.

**IT IS THEREFORE ORDERED** that:

(1)   Defendant's Motion for Extension of Time to File Reply in Support of Motion for Summary Judgment **(#51)** is **GRANTED**.

(2)   Defendant's Motion for Summary Judgment (#39) is **DENIED**.

Dated this 7th day of April, 2007

**BY THE COURT:**

*Marcia S. Krieger*
_____

Marcia S. Krieger
United States District Judge

4