IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-02339-MSK-MEH

MICHELLE GARCIA,

    Plaintiff,

v.

DILLON COMPANIES, INC., a Kansas corporation,
d/b/a CITY MARKET,

    Defendant.

---

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

---

THIS MATTER comes before the Court on the Defendant's Motion for Summary Judgment **(#103),** to which the Plaintiff responded **(#114)** but the Defendant did not reply. Also before the Court are the Plaintiff's Motion to Limit the Scope of Plaintiff's Required Response to Defendant's Motion for Summary Judgment **(#104)**, and the Plaintiff's Motion for Forthwith Ruling and Hearing **(#105),** to which the Defendant responded **(#109, #110)** and the Plaintiff replied **(#111, #113)**. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

For purposes of ruling on the instant motions, the Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

### II. Procedural History

The Plaintiff, Michelle Garcia, claims that the Defendant, Dillon Companies, Inc., d/b/a

City Market ("City Market") discriminated against her by failing to promote her to be the manager of a larger City Market store.

City Market filed motions *in limine* seeking to limit the evidence to be presented at trial. In those motions, City Market argued that Ms. Garcia failed to exhaust administrative remedies on her failure to promote claim as required by Title VII. City Market also argued that no discrete instance in which Ms. Garcia was not promoted was timely asserted in an EEOC charge.

Because City Market's motions raised jurisdictional issues, the Court held a hearing. At that hearing, Ms. Garcia clarified that she is proceeding with a discrimination claim based solely upon her first EEOC charge of discrimination, and she identified several promotions which she claims she was denied during the 300-day period preceding the filing of her EEOC charge.

The Court denied the motions *in limine*, because they actually sought a dispositive ruling. The Court then gave City Market permission to assert its jurisdictional arguments in a motion to dismiss, to be based upon matters outside the pleading and considered under Fed. R. Civ. P. 56. City Market then filed a motion for summary judgment **(#103),** raising two primary arguments: (1) the Court lacks jurisdiction over Ms. Garcia's claim because she did not timely assert it in an EEOC charge; and (2) Ms. Garcia cannot prove her discrimination claim. Ms. Garcia then moved **(#104)** to limit the scope of the summary judgment motion to the jurisdictional issue, and for an expedited determination **(#105)** as to such scope. She also responded **(#114)** to the summary judgment motion, and only addressed the jurisdictional issue.

### III. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Although City Market filed a motion for summary judgment, it first argues that the Court lacks subject matter jurisdiction over Ms. Garcia's claim that she was not promoted due to her

2

sex. In specific, City Market contends that Ms. Garcia's EEOC charge was insufficient because it did not mention any instance in which Ms. Garcia was not promoted during the 300-day period before she filed her EEOC charge (March 18, 2004 to January 12, 2005), and did not give sufficient notice of Ms. Garcia's claim. Thus, the Court construes this portion of the motion as a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).[1]

Ms. Garcia responds that the Court has subject matter jurisdiction over her claim, because there were several instances during the 300-day period in which men were promoted to be store managers. She particularly points to promotions of Doug Randall (April 2004), Stain Blair (August 2004), Galen Hof (October 2004), and Steve Collins (October 2004). However, she did not address the issue of whether she exhausted her claim in her EEOC charge.

Exhaustion of administrative remedies is a jurisdictional prerequisite to the assertion of Title VII claims. *See Jones v. Runyon,* 91 F.3d 1398, 1399 (10th Cir. 1996). It is Ms. Garcia's burden to establish the exhaustion of administrative remedies through the filing of a charge of discrimination which contains the claim she now asserts. *See McBride v. CITGO Petroleum Corp.,* 281 F.3d 1099, 1106 (10th Cir. 2002); 42 U.S.C. § 2000e-5.[2]

When a plaintiff submits a charge of discrimination to a state agency, the plaintiff must file a charge of discrimination with the EEOC within 300 days "after the alleged unlawful employment

---

[1] Rule 12(b)(1) motions generally take one of two forms. *See Stuart v. Colorado Interstate Gas Co.,* 271 F.3d 1221, 1225 (10th Cir. 2001). The moving party may either facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests. *See Maestas v. Lujan,* 351 F.3d 1001, 1013 (10th Cir. 2003). Here, City Market relies upon evidence outside of the pleadings, as does Ms. Garcia.

[2] The Court notes that it was City Market who filed a copy of Ms. Garcia's EEOC charge to the Court, not Ms. Garcia, thus relieving Ms. Garcia of any burden to file identical evidence.

practice occurred[.]" 42 U.S.C. § 2000e-5(e)(1). To be sufficient, an EEOC charge must contain, or be accompanied by, a written statement which is "sufficiently precise to identify the parties, and to describe generally the action or practices complained of." *Foster v. Ruhrpumpen, Inc.,* 365 F.3d 1191, 1195 (10th Cir. 2004). This protects employers by giving them notice of the discrimination claims being brought against them, and provides the EEOC with an opportunity to conciliate the claims. *Id.*

To determine whether an EEOC charge is sufficient, the Court must liberally construe the charge in the plaintiff's favor. *Id.* However, the Court's review is also limited by the scope of the administrative investigation which was reasonably expected to follow the charge of discrimination that was submitted to the EEOC. *See MacKenzie v. City and County of Denver,* 414 F.3d 1266, 1274 (10th Cir. 2005). The EEOC charge must contain facts which pertain to the discriminatory actions which underlie the claim. *See Jones v. U.P.S., Inc.,* 502 F.3d 1176, 1186 (10th Cir. 2007).

Ms. Garcia filed an EEOC charge on January 12, 2005. In this charge, Ms. Garcia claimed discrimination based upon her sex. She checked the box labeled "continuing action," and stated that the discrimination took place between March 19, 2004 and November 23, 2004. The particulars of the charge were, in pertinent part:

> I. Beginning in approximately March 2004, and continuing I have been treated differently in the terms and conditions of my employment.
>
> II. I have been told that other people are jealous of me and the way I look.
>
> III. I believe that I have been discriminated against due to my sex, female, in violation of Title VII of the Civil Rights Act of 1964, as

4

> > amended, in that, . . . .
>
> > > d. I have been told by upper management that I will never be promoted while the current President is in place because she is jealous of me and they [sic] way I look. Since I became a Store Manager, approximately 1999, the males who were Store Managers have either been promoted or moved to a bigger store.

Liberally construed, Ms. Garcia's EEOC charge alleges that she was not promoted because of her sex. Although her EEOC charge is not crystal clear, Ms. Garcia contends that male store managers have been promoted or moved to a bigger store, while she has not been promoted or moved to a bigger store, arguably because she is female.

It is true that the EEOC charge is inspecific and could pertain to events occurring outside of the 300-day period. However, it could also pertain to events occurring within the 300-day period. Therefore, the Court finds that Ms. Garcia exhausted her administrative remedies on the claim that she was not promoted because of her sex. However, such claim is limited to instances in which Ms. Garcia was not promoted during the 300-day period prior to the filing of the complaint. Ms. Garcia cannot recover for any instances in which she was not promoted before March 18, 2004.

## IV. Motion for Summary Judgment

The second part of City Market's motion requests summary judgment on Ms. Garcia's claim that she was not promoted because of her sex. City Market contends that Ms. Garcia is unable to prove this claim.

Ms. Garcia did not respond to this argument, because she believes it is not properly before the Court. She instead filed a motion **(#104)** asking the Court to limit the scope of City Market's

summary judgment motion to the jurisdictional issue, and requested an expedited ruling **(#105)**. She argues that the Court did not invite City Market to file a broad-based summary judgment motion addressing issues apart from subject matter jurisdiction. She also argues that she would be substantially prejudiced if she had to spend time responding to non-jurisdictional arguments. Finally, she contends that the Court already denied a summary judgment motion filed by City Market earlier in this case.[3]

City Market opposes Ms. Garcia's motions. City Market contends that its motion is within the scope of what the Court permitted, and that the Court did not preclude it from raising other issues apart from jurisdictional issues in its motion. City Market also asserts that it is in the interest of judicial economy to consider all of the arguments raised in its motion.

At the July hearing, the Court explained that City Market's motions *in limine* raised jurisdictional issues which were not properly configured. The Court denied the motions *in limine*, then authorized City Market to renew them "in the appropriate format as dispositive motions." The Court later characterized this as a "dispositive motion to dismiss" based upon matters outside of the pleadings, and stated the filing of such a motion would lead to a "determination of the Court's subject matter jurisdiction[.]" The Court did not authorize the filing of another summary judgment motion challenging Ms. Garcia's ability to prove her discrimination claim. Therefore, the motion for summary judgment is not properly asserted.

---

[3] While this last argument is true, the Court notes that it did not deny the motion on the merits. Rather, the Court denied the motion because it pertained only to Ms. Garcia's claim of discriminatory non-promotion, and the record at that juncture reflected that Ms. Garcia asserted additional claims which would not be resolved by the summary judgment motion. City Market never moved for reconsideration of the Order denying that motion.

6

**IT IS THEREFORE ORDERED** that:

(1) City Market's motion to dismiss, denominated "Motion for Summary Judgment" **(#103)**, is **DENIED**.

(2) Ms. Garcia's "Motion to Limit the Scope of Plaintiff's Required Response to Defendant's Motion for Summary Judgment" **(#104)** is **GRANTED**.

(3) Ms. Garcia's "Motion for Forthwith Ruling and Hearing" **(#105)** is **DENIED, as moot**.

(4) No later than **March 3, 2008**, the parties shall file a revised, proposed final pretrial order in the format previously ordered by the Court.

(5) A final pretrial conference is set for **March 27, 2008 at 9:00 a.m.** in Courtroom A901 of the United States Courthouse located at 901 19th Street, Denver, Colorado. Counsel shall be prepared to set the matter for trial. **Lead counsel who will try the case and the parties (or, in the case of legal entities, a representative of the entity with full authority to discuss and approve settlements) shall attend**.

Dated this 11th day of February, 2008

                **BY THE COURT:**

                *Marcia S. Krieger*
                Marcia S. Krieger
                United States District Judge