IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02339-MSK-MEH

MICHELLE GARCIA,

    Plaintiff,

v.

DILLON COMPANIES, INC., a Kansas corporation, d/b/a CITY MARKET,

    Defendant.

---

### RECOMMENDATION ON PLAINTIFF'S MOTION TO AMEND

---

Before the Court is Plaintiff's Motion to Amend Complaint [Docket #139]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matter has been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the District Court **deny** Plaintiff's Motion.

### I.    Factual Background

Plaintiff filed this action on November 18, 2005, alleging discrimination in terms and conditions of employment based on gender, due to Defendant's failure to promote her. Specifically, Plaintiff claims that male managers have been promoted or moved to larger stores, and she has not. After Defendant filed a Motion for Summary Judgment arguing, in part, failure to exhaust administrative remedies, District Judge Marcia S. Krieger determined that Ms. Garcia's claim was limited to instances in which Ms. Garcia was not promoted during the 300-day period preceding the filing of the Complaint. Judge Krieger concluded, "Ms. Garcia cannot recover for any instances in which she was not promoted before March 18, 2004." Dock. #115 at 5. Since the filing of the original Complaint, Plaintiff has filed additional charges with the EEOC. The first, filed September

28, 2006, alleged discrimination based on sex, age, and retaliation. The second, filed March 31, 2008, alleged discrimination based on sex, age, national original, and retaliation. The third, also filed March 31, 2008, alleged discrimination, including termination, based on sex, age, national origin, and retaliation. Plaintiff received her Notices of Right to Sue from the EEOC for these charges in April and May of 2008. She now seeks to amend her Complaint to include the allegations arising from these charges.

The deadline for joinder of parties and amendment of pleadings in this case was May 1, 2006. Discovery closed on September 16, 2006, and after the Final Pretrial Conference and trial date were reset on a number of occasions for various reasons, the Final Pretrial Conference is now set for October 2, 2008, and a four-day jury trial begins January 5, 2009. Judge Krieger stated at the conference held May 9, 2008, that this trial date is a firm date, and that the trial will not get moved based on any criminal or other civil matters. It is against this backdrop that Plaintiff now seeks to amend her Complaint to include claims of age discrimination and retaliation for actions that occurred since the filing of this lawsuit in November 2005 through January 2008. Her proposed amendment also includes allegations surrounding her termination in 2007. Thus, what began as failure to promote claim based on gender for a limited period of time would blossom into claims covering over four years of Plaintiff's employment and culminating in her termination. Her bases for alleged discrimination would expand to age, national origin and retaliation, not just gender.

Defendant objects to the proposed amendment. Defendant point out that the new claims will require more discovery that is not likely to be accomplished in time to prepare this case for a Final Pretrial Conference on October 2, 2008. Defendant further argues that an amendment after dispositive motions have been filed and ruled on is prejudicial, because Defendant can no longer test

2

the legal sufficiency of these claims prior to trial (remembering that, not insignificant, Defendant prevailed in its disposition motion in getting a ruling limiting Plaintiff's claims). Plaintiff argues in reply that she did not delay in seeking this amendment (after she obtained new counsel), that she believes all new discovery can be completed prior to the current trial date, and that "the prejudice to Garcia in forcing her to bring a second, separate lawsuit, fall [sic] outweighs any minor inconvenience the Defendant would possible endure." Reply at 3.

## II. Discussion

In this case, the deadline for amending pleadings has long passed, discovery is closed, the scope of Plaintiff's original claims has been limited by Judge Krieger's ruling on Defendant's Motion for Summary Judgment, and a four-day trial is scheduled for January 2009. At this late hour, Plaintiff desires to amend her Complaint to include additional legal claims and allegations that span, in total, a four-year period. Pursuant to Fed. R. Civ. P 15(a), the Court is to freely allow amendment of the pleadings "when justice so requires." "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Even so, Rule 16(b) allows a deadline in the Scheduling Order to be modified only upon a showing of good cause. The Tenth Circuit has left open the question of whether a party must first establish good cause under Rule 16(b) as well as satisfy the requirements of Rule 15(a). *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). The Tenth Circuit has noted, however, that the good cause standard requiring diligence produces essentially the same result as a finding of no undue delay and no undue prejudice under Rule 15(a). *Id.* Accordingly, the timeliness of the

3

amendment and the prejudice to a defendant are to be the crux of the inquiry. *Id.*

### A. Undue delay

A motion to amend should be denied if a plaintiff has unduly delayed in seeking the amendment. *Wessel v. City of Albuquerque*, 299 F.3d 1186, 1197 (10th Cir. 2002) (citing cases). The important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue. *Minter*, 451 F.3d at 1206. Delay is undue "when the party filing the motion has no adequate explanation for the delay," *Frank*, 3 F.3d at 1365-66, or when "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (citation omitted). In such circumstances, "untimeliness alone is an adequate reason to refuse leave to amend." *Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005).

In this case, Plaintiff filed her first new charge of discrimination on September 28, 2006, after discovery was already closed in this case. She subsequently filed additional charges and only recently received her Notices of Right to Sue. Nonetheless, Plaintiff could have requested her Notices of Right to Sue from the EEOC much earlier, 180 days after each charge was filed, if she desired to include these allegations in this lawsuit. 29 C.F.R. § 1601.28(a) (2006). Without explanation, and while she was represented by prior counsel, she failed to do so. Although Plaintiff recently obtained new counsel, her previous counsel did not withdraw until April 16, 2008. In fact, not once in the nearly two years since filing this first new charge did Plaintiff bring to the Court's attention any intent on her part to include these new claims in this case. Based on the entire record of this case, this Court cannot find that Plaintiff was diligent in seeking to add these additional

4

allegations and claims to this lawsuit. *Federal Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987) (finding denial of motion to amend appropriate "where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend"). Therefore, Plaintiff's delay is undue.

### B. Undue Prejudice

A defendant is prejudiced by an untimely amendment if the amendment will alter the focus of the case at a date that is too late for the defendants to adequately prepare for trial. *Orr v. City of Albuquerque*, 417 F.3d 1144, 1153 (10th Cir. 2005). A plaintiff may not "wait until the last minute to ascertain and refine the theories on which they intend to build their case. . . . This practice, if tolerated, 'would waste the parties' resources, as well as judicial resources, on discovery aimed at ultimately unavailing legal theories and would unfairly surprise defendants, requiring the court to grant further time for discovery or continuances." *Green Country Food Market, Inc. v. Bottling Group, LLC*, 371 F.3d 1275, 1279 (10th Cir. 2004).

Here, Plaintiff asserts that an expedited discovery schedule could allow for all additional discovery to be completed prior to the current trial date. Plaintiff admits that these allegations will require additional discovery, even though the discovery period closed before Plaintiff filed her first additional charge. Yet, Plaintiff seeks an amendment less than three months before the case must be *ready* for trial, with all exhibits marked and all witnesses disclosed in the Final Pretrial Order. Essentially, Plaintiff is seeking to make this a brand new lawsuit, but with a trial date that is only four months away. Adding additional claims based on new allegations well after the close of discovery would unfairly prejudice Defendant by requiring additional time for discovery and potentially a continuance of the trial date, in the face of a statement from the district judge that the

5

current trial date is firm. *Id.* This is not only inappropriate under Rule 15(a), but it is also unnecessary because, as even Plaintiff points out, she can simply file a separate lawsuit with these separate legal claims based on a different time frame and for which no discovery has been conducted.

**III. Conclusion**

Accordingly, the Court RECOMMENDS that Plaintiff's Motion to Amend Complaint [<u>Filed July 17, 2008; Docket #139</u>] be **denied**. The interests of justice are best served by allowing Plaintiff to file her new claims based on a different time frame of events in a new lawsuit and not preventing her current claims from proceeding to trial. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

Dated at Denver, Colorado this 12th day of August, 2008.

BY THE COURT:

<u>s/ Michael E. Hegarty</u>
Michael E. Hegarty
United States Magistrate Judge

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).