IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-02339-MSK-MEH

MICHELLE GARCIA,

       Plaintiff,

v.

DILLON COMPANIES, INC., a Kansas corporation,
d/b/a CITY MARKET,

       Defendant.

## ORDER DENYING MOTION TO AMEND COMPLAINT

THIS MATTER comes before the Court on a Recommendation **(#143)** by the Magistrate Judge that the Plaintiff's Motion to Amend Complaint **(#139)** be denied, to which the Plaintiff has objected **(#144)**. Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

### II. Background

Last May, the Court held a Final Pretrial Conference in this case. The Plaintiff appeared *pro se* and advised that she was attempting to retain new counsel, so the Court continued the Final Pretrial Conference until October 2, 2008 but set a firm trial date of January 5, 2009. The Plaintiff told the Court that it was her intention to seek leave to amend her Complaint **(#1)** once she obtained new counsel. The Court advised the Plaintiff that it was not inclined to allow any

further amendment to the Complaint due to the age of the case and the firm trial setting, but that it would consider any duly filed request.

New counsel entered an appearance, and on behalf of the Plaintiff moved **(#139)** to amend the Complaint to include new claims of discrimination which arose after this action was commenced (through January 2008).. The Defendant opposes **(#141)** the motion on the grounds that it was untimely and would require a continuance of the trial. In reply **(#142),** the Plaintiff contends that she would be prejudiced if forced to pursue separate litigation on these claims, which in her view can be absorbed into the instant case with expedited discovery.

The Magistrate Judge recommends **(#143)** that the motion to amend be denied, as untimely. In doing so, he observes that deadlines in the case for amending the pleadings (May 1, 2006), for discovery (September 16, 2006), and for filing dispositive motions (October 16, 2006)[1] passed long ago, that a Final Pretrial Conference is set for October 2, 2008, and that the firm trial setting is only a few months away. He also observes that the Plaintiff could have made an earlier request to amend her Complaint. He also concludes that the Defendant will be prejudiced by an amendment at this juncture because it will alter the focus of the case at a time when the Defendant should be preparing for trial. Finally, he observes that denial of the motion to amend will not preclude the Plaintiff from asserting the claims in a separate lawsuit.

The Plaintiff objects **(#144)** to the Recommendation. She contends that she has attempted to diligently assert these new claims but that the health condition of her prior counsel prevented her from doing so. She also asserts that she will be prejudiced if she is required to

---

[1] The Court made special exception to this deadline when it authorized a dispositive motion limited to jurisdictional issues to be filed by July 16, 2007.

participate in two separate lawsuits involving many of the same witnesses and exhibits.

### III. Standard of Review and Analysis

Pursuant to Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1), a party may object to any portion of a Magistrate Judge's recommendation by filing specific objections within 10 days of the party's receipt of the recommendation. As here, when timely objections are filed, the district court must review *de novo* the specific conclusions of the Magistrate Judge to which objections have been directed. 28 U.S.C. § 636(b)(1)(C); *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996). During *de novo* review, a district court is not required to make specific findings and instead may simply indicate that it has undertaken the requisite review. *See Garcia v. City of Albuquerque*, 232 F.3d 760, 766-67 (10th Cir. 2000). However, it must consider the record that was developed before the Magistrate Judge and make an independent determination on the basis of that record. *See Clark v. Poulton,* 963 F.2d 1361, 1371 (10th Cir. 1992).

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Amendment may be denied for undue delay, or where it would cause undue prejudice to the opposing party. *See Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993).

The Court agrees with the Magistrate Judge that the request for leave to amend is untimely. A firm trial date is set approximately three months from now. All critical deadlines in the case pertaining to discovery and the filing of dispositive motions have passed. If the Court were to allow amendment at this juncture, it would be necessary to reopen discovery at a time when the parties should be preparing for trial. Due to the proximity of trial, the Defendant would be foreclosed from filing any dispositive motions pertinent to the new claims, and there is

inadequate time to brief and determine potential challenges to the Court's subject matter jurisdiction over any new claims. In light of the age of this case (almost 3 years), the age of the claims (approximately 4 or more years), and the likelihood that amendment would require further continuance of the firm trial setting, the Defendant will be unduly prejudiced if the amendments are permitted, particularly considering that the Plaintiff is not precluded from asserting these claims in a separate action.

**IT IS THEREFORE ORDERED** that the Recommendation **(#143)** to deny the Plaintiff's Motion to Amend Complaint **(#139)** is **ADOPTED,** and the Motion **(#139)** is **DENIED**.

Dated this 1st day of October, 2008

BY THE COURT:

_____
Marcia S. Krieger
United States District Judge